IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Craig Michael Linnon, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16cv869 (TSE/IDD) |
| | ) | |
| Harold W. Clarke, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Craig Michael Linnon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions in the Circuit Court of Hanover County. Respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. After receiving additional time, petitioner filed a response in which he moves for summary judgment to be entered in his favor. For the reasons that follow, plaintiff's motion must be denied, respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice.

**I.**

The record reflects the following facts and proceedings. Petitioner is incarcerated pursuant to a final judgment of the Circuit Court of Hanover County, entered November 3, 2011. Dkt. No.1. Petitioner was convicted by a jury of (i) conspiring to take indecent liberties with a minor, in violation of Virginia Code §§ 18.2-26[1] and 18.2-370.1,[2] (ii) using a communications

---

[1] This section of the Virginia Code establishes the felony class for attempts to commit certain predicate felonies.

[2] At the time of petitioner's conviction, Virginia Code § 18.2-370.1(A) provided, in relevant part:

system to propose a sex act to a minor, in violation of Virginia Code § 18.2-374.3,[3] and four counts of (iii) taking indecent liberties with a minor in a custodial or supervisory role, in violation of Virginia Code § 18.2-370.1. Id. Petitioner was sentenced to eleven years imprisonment. Id.

During voir dire of the venire for petitioner's trial, the prosecutor asked the jury panel if they thought "it should be legal for an adult in their 40s to have sexual contact with children," to which all of the panel members answered "no." Id. at Ex. 15. In the course of petitioner's trial, one of the prosecution's witnesses, Tyler Scott, was asked on cross examination whether the

---

Any person 18 years of age or older who, except as provided in § 18.2-370, maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally … (ii) proposes to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or (iii) exposes his or her sexual or genital parts to such child; … or (vi) sexually abuses the child as defined in § 18.2-67.10 (6), shall be guilty of a Class 6 felony.

[3] At the time of petitioner's conviction, Virginia Code § 18.2-374.3 provided, in relevant part:

B. It shall be unlawful for any person to use a communications system … for the purposes of procuring or promoting the use of a minor for any activity in violation of § 18.2-370 or § 18.2-374.1. A violation of this subsection is a Class 6 felony.

C. It shall be unlawful for any person 18 years of age or older to use a communications system … for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child less than 15 years of age to knowingly and intentionally … [p]ropose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361.

***

D. Any person who uses a communications system … for the purposes of soliciting, with lascivious intent, any child he knows or has reason to believe is at least 15 years of age but less than 18 years of age to knowingly and intentionally commit any of the activities listed in subsection C if the person is at least seven years older than the child is guilty of a Class 5 felony. …

2

prosecutor had told Scott that the prosecutors were "waiting to see how [Scott] testified before they made any deals for [Scott]." Id.  Scott answered this question "no." Id.  One week after testifying in petitioner's trial, Scott entered a plea of guilty for unrelated charges and, during his plea hearing, the prosecution stated that one of Scott's charges was being amended "based upon [Scott's] cooperation in another case." Id. at Ex. 23.

Petitioner pursued a direct appeal to the Court of Appeals of Virginia, where the petition for appeal was denied.  Record No. 2418-11-2.  Petitioner then appealed three of his convictions of taking indecent liberties with a minor in a custodial or supervisory role to the Supreme Court of Virginia, and these convictions were affirmed.  Linnon v. Commonwealth, 287 Va. 92 (2014).

The facts, as stated by the Supreme Court of Virginia on direct appeal with respect to three of petitioner's convictions of taking indecent liberties with a minor in a custodial or supervisory role, are as follows:

> Craig Linnon taught a building trades class at a vocational school.  He also was assigned the responsibility of supervising students in the cafeteria during lunch one day each week and on the sidewalk outside his classroom before, after, and between classes each day.  His wife, Angela, was the school nurse.  She also occasionally monitored a cosmetology class when the teacher stepped out.  A.G. was a 16–year–old female student in the cosmetology class.  A.G. was not one of Craig's students but they saw each other every day when he monitored the sidewalk near the bus loading zone.

> In December 2009, A.G.'s cosmetology class had a party on school grounds to celebrate the end of the semester.  At the party, Angela invited A.G. and A.G.'s female friend to the Linnons' home that night.  The two girls accepted the invitation and the Linnons picked them up that evening.  At their home, the Linnons supplied A.G. and her friend with alcohol in exchange for marijuana.  Craig told A.G. that Angela had sexual fantasies about her and that he had a video of Angela fellating one of his male students.  A.G. and her friend were disturbed by the sexual content of the conversation and decided to leave.  Craig drove them to the friend's home.

> The following night, the Linnons again invited A.G. to their home.  A.G. returned in the company of Jared Todd, her ex-boyfriend, and Tyler Scott, Todd's friend.  Both Todd and Scott were 18 years old.  Todd was one of Craig's students.  The

> Linnons and the teenagers drank alcohol; the Linnons, Scott, and A.G. also smoked marijuana.
>
> The group began playing a sex-themed version of Charades in the living room. The game devolved into a sexual orgy when Angela actually fellated Todd and Scott rather than merely miming. During the activities that followed, Craig inserted his penis into A.G.'s mouth. Craig also inserted his fingers into A.G.'s vagina and anus. He also implored her to have sex with Angela.
>
> Sometime thereafter, Todd and Scott went to the bathroom and decided to leave the Linnons' home. When A.G. realized Todd and Scott had left the living room, she found her clothes and got dressed. When Todd and Scott returned from the bathroom, they got dressed and announced that they were leaving. The three teenagers departed as the Linnons continued having sex on the living room floor.
>
> Craig was subsequently indicted on three counts of taking indecent liberties with a minor by a person in a custodial or supervisory relationship, in violation of Code § 18.2–370.1(A). He and Angela were tried jointly but were represented by separate counsel. … Angela objected to three of the Commonwealth's proposed jury instructions and Craig objected to a fourth. The court also rejected two jury instructions Craig proposed. The jury thereafter convicted Craig on all three counts and he was sentenced to a term of eleven years' active incarceration.

Id. at 96–97.

The facts relating to petitioner's remaining convictions that were not addressed in the Supreme Court of Virginia's opinion are as follows. In November 2009, another minor, T.D., was a student in petitioner's class. March 29, 2011 Tr. at 173. Petitioner sent a text message to T.D. in November 2009 asking if T.D. "would let [his] wife give [T.D.] a blow job." Id. at 180. T.D. answered in the affirmative and when he arrived at the school later that day petitioner took T.D. to a storage closet where petitioner's wife was waiting. Id. at 181-86. Petitioner asked T.D. if he could videotape his interaction with petitioner's wife. Id. at 186. Petitioner then left the storage closet and petitioner's wife performed oral sex on T.D. Id. at 187-88.

Before the Supreme Court of Virginia issued its decision affirming three of petitioner's convictions of taking indecent liberties with a minor in a custodial or supervisory role on direct

appeal, petitioner filed a Motion to Vacate Convictions for Lack of Subject Matter jurisdiction in which he argued that his convictions should be vacated based on the Fourth Circuit's decision in MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013), cert. denied, 134 S. Ct. 200 (2013), holding unconstitutional Virginia's anti-sodomy statute, Va. Code § 18.2-361(A). Dkt. No. 1 at Ex. 6. The Supreme Court of Virginia correctly denied this motion. Id. at Ex. 7. Contrary to petitioner's contention, the anti-sodomy statute—which, on its face, proscribed sodomy among consenting adults "without limits" and failed "remotely [to] suggest that the regulation sexual relations between adults and children had anything to do with its enactment"[4]—did not provide the offenses of conviction here. Rather, petitioner's convictions were under Va. Code §§ 18.2-370.1 and 18.2-370.1 (conspiring to take indecent liberties with a minor), Va. Code § 18.2-374.3 (using a communications system to propose a sext act to a minor), and Va. Code § 18.2-370.1 (taking indecent liberties with a minor in a custodial or supervisory role). Importantly, these statutes refer to conduct *with respect to children*, and any reference to the anti-sodomy statute describes conduct that would be illegal if directed at a *child*. Put another way, defendant was convicted for conduct he directed at *a child*, and these convictions are not unconstitutional under the Fourth Circuit's decision in MacDonald.

The subsequent history of petitioner's arguments regarding his convictions makes this point clear. After pursuing his direct appeal, petitioner filed a timely petition for a writ of habeas corpus in the Circuit Court of Hanover County on October 16, 2014. In his state habeas petition, petitioner asserted the following claims.

Claim One: that the trial court lacked jurisdiction over petitioner's convictions.

Claim Two: that petitioner was denied effective assistance of counsel because of trial counsel's failure to
    a. object to erroneous jury instructions.

---

[4] MacDonald, 710 F.3d at 165.

      b. object to prosecutorial misconduct during voir dire.
      c. conduct a reasonable investigation.

Claim Three: that the Commonwealth committed prosecutorial misconduct by failing to disclose a plea agreement with one of the witnesses.

Case No. CL14-2657-00. By Order dated February 23, 2015, the state habeas court denied and dismissed Claims One and Two on the merits and Claim Three on procedural grounds. Id. Specifically, the state habeas court found Claim Three to be defaulted because petitioner could have, but failed to, assert this claim at trial or on direct appeal. Id. (citing Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975)). Petitioner appealed from the state habeas court's order denying relief. By order dated January 5, 2016, the Supreme Court of Virginia denied petitioner's appeal. Record No. 150744. Because the Supreme Court of Virginia did not issue an opinion in this regard, it is appropriate to impute to the Supreme Court of Virginia the circuit court's February 23, 2015 Order, as it was the last reasoned state court decision on petitioner's claims. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).

On May 26, 2016, petitioner filed the instant federal petition, wherein he challenges his convictions on the following grounds.

Claim One: that petitioner's right to Due Process under the Fourteenth Amendment was violated because four of his convictions were based on an unconstitutional statute, Virginia Code § 18.2-361(A).

Claim Two: that petitioner's trial counsel was ineffective because (a) petitioner's "entire venire had preconceived fixed opinions making them biased [and] partial and trial counsel failed to take corrective action[; (b)] trial counsel failed to take corrective action by objecting to erroneous jury instructions[; and (c)] trial counsel failed to contact and present exculpatory witness testimony based on an incomplete or non-existent investigation."

Claim Three: that "[t]he Commonwealth deprived [petitioner's] right to Due Process by concealing a deal made with a key witness in violation of Giglio and Napue."

Because Claims One and Two have been properly exhausted, they are appropriately addressed here on the merits.  Claim Three, however, was found to be procedurally defaulted by the state habeas court and therefore, unless petitioner makes certain showings, this claim must be dismissed on procedural grounds.

## II. Procedural Bar

Where, as here, a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness provided two foundational requirements are met.  See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988).  First, the state court must explicitly rely on the procedural ground to deny petitioner relief.  See Ylst, 501 U.S. at 802-03; Harris v. Reed, 489 U.S. 255, 259 (1989).  Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief.  See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

Here, the state habeas court held that the petitioner's third claim was not a cognizable habeas claim under Slayton because it could have been, but was not, raised at trial or on direct appeal.  Case No. CL14-2657-00.  Because "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision," Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997), the effect of the state habeas court's ruling is to bar review of the claim in federal court, absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence.  Harris, 489 U.S. at 260.

The record reflects that plaintiff has failed to establish cause.  The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim.  See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v.

Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42.  The record reflects that none of these is present here.  The record does not disclose that the failure to assert this claim at trial or on direct appeal is related to the denial of effective assistance of counsel or a factor external to the defense which impeded compliance with a state procedural rule.  Nor is the claim at all novel.  In short, the record establishes no cause for the procedural default. Importantly, a court need not consider the issue of prejudice in the absence of cause.  See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Seeking to avoid this result, petitioner argues that he can establish cause because (1) Scott was given a plea deal one week after petitioner's trial and the plea deal was given "based on [Scott's] cooperation in another case," (2) petitioner was not notified of this plea deal, (3) petitioner relied on the prosecutor's open file policy, (4) petitioner relied on the prosecution's statements that they had disclosed any deals made with witnesses, (5) the prosecutor allowed Scott to falsely testify that he had not been offered a deal for his testimony, and (6) petitioner was prohibited from having contact with Scott or his family, making it more difficult for petitioner to find out about Scott's plea deal.  Pet. Resp. to MTD at 103-05.

This argument fails; it does not establish the requisite cause. This is so because petitioner's argument is based on the erroneous assumption that the prosecution gave Scott a plea deal for his testimony in advance of Scott's testifying at petitioner's trial. The record discloses the contrary.  The prosecutor's affidavit attached to respondent's Motion to Dismiss establishes that Scott was not offered a plea deal until after he testified in petitioner's trial.  Because Scott was not offered a deal until after testifying at petitioner's trial, Scott's testimony and the prosecutor's representations at trial were not false.  Petitioner is not able to overcome this evidence by showing that Scott's trial was continued until after petitioner's trial and that Scott was given a plea deal for his "cooperation in another case," because this evidence is insufficient

8

to establish that Scott was given a deal for his testimony in petitioner's case before petitioner's trial. Accordingly, because petitioner has not established cause, prejudice, miscarriage of justice, or demonstrated his actual innocence, Claim Three is defaulted and must be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

Whether a state court decision is (1) "contrary to" or (2) "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" standard, the writ should be granted only if the federal court finds that the state court "identifies the correct governing legal principle from [the

United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

### A. Claim One

Petitioner argues that four of his convictions[6] are void for lack of subject matter jurisdiction because they are "predicated upon a facially unconstitutional statute," the Virginia anti-sodomy provision (Virginia Code § 18.2-361) as it existed when petitioner was convicted.[7] Pet. at 37. Specifically, petitioner contends that because the Virginia anti-sodomy provision was declared facially unconstitutional by the Fourth Circuit in MacDonald, petitioner committed no felonies and the circuit court lacked subject matter jurisdiction over those four charges. Id. For the reasons that follow, this flawed argument fails.

Petitioner first raised this claim in a Motion to Vacate Conviction filed in the Supreme Court of Virginia, which was summarily denied. Petitioner raised this claim again in his state

---

[6] Petitioner states that the circuit court did not have jurisdiction over the charges of conspiracy to take indecent liberties with a minor in violation of Virginia Code §§ 18.2-26 and 18.2-370.1, using a communications system to propose a sex act to a minor in violation of Virginia Code § 18.2-374.3, and two of the four counts of taking indecent liberties with a minor in a custodial or supervisory role in violation of Virginia Code § 18.2-370.1.

[7] At the time of petitioner's conviction, the Virginia anti-sodomy provision read "[i]f any person … carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony …." Va. Code § 18.2-361(A).

habeas petition where it was dismissed on procedural grounds because petitioner raised the issue "in the Supreme Court of Virginia by a motion to vacate the convictions, which the Court denied on January 10, 2014." Case No. 14-2657-00. The state habeas court also found that this

> claim … fails because existing Virginia case law at the time of the petitioner's trial … was the published decision of the Court of Appeals in <u>McDonald v. Commonwealth</u>, 48 Va. App. 325, 630 S.E.2d 754 (2007), which held the facial challenge to Code § 18.2-361 was without merit. The Supreme Court of Virginia later affirmed McDonald's convictions for sodomy. … Since both the Supreme Court of Virginia and the Fourth Circuit have spoken on this question, the Fourth Circuit <u>MacDonald</u> decision is not binding precedent on this Court.

<u>Id.</u> The court went on to state that "[t]here is no merit to [petitioner's] assertion that because [the minor children] were over the age of 15, they were old enough to consent to engage in sexual conduct." <u>Id.</u> Finally, the state habeas court held that "under [<u>Lawrence v. Texas</u>, 539 U.S. 558 (2003)], the Commonwealth may prohibit sodomy with minors. … The petitioner has no grounds for relief based on the Fourth Circuit's decision. The trial court did not lack jurisdiction over [petitioner's] case and his convictions are not void." <u>Id.</u>

Petitioner argues that the state habeas court's decision was contrary to federal law because his case is indistinguishable from <u>MacDonald</u> in that they both involve "convictions predicated on the anti-sodomy provisions of § 18.2-361, where the complainants were older minors within the age of consent." Pet. Resp. to MTD at 27. Petitioner goes on to argue that the state habeas court's decision was contrary to <u>Lawrence</u> because the minors in his "case were 16 years old and legally within the age of consent [and therefore] they do not qualify as 'minors' in this context, but rather have the same legal standing as would 'consenting adults.'" <u>Id.</u> at 32.[8]

---

[8] Petitioner's arguments that the state habeas court's decisions are contrary to <u>Ulster Cnty. v. Allen</u>, 442 U.S. 140 (1979), and <u>Ayotte v. Planned Parenthood of N. New Eng.</u>, 546 U.S. 320 (2006), as relied upon in <u>MacDonald</u> are of no moment because (1) there is no issue regarding petitioner's standing and (2) there is no constitutional issue with the statutes under which petitioner was convicted (and therefore, there is no need to limit the solution to the problem). In

Contrary to petitioner's arguments, the instant petition is sufficiently distinguishable from

MacDonald such that it is not controlling.  As background,

> [i]n 2005, William Scott MacDonald was convicted … of two offenses: the
> misdemeanor offense of contributing to the delinquency of a minor, in
> contravention of Virginia Code section 18.2–371; and the felony offense of
> violating the Commonwealth's criminal solicitation statute, found in section 18.2–
> 29.  The criminal solicitation statute provides that "[a]ny person age eighteen or
> older who commands, entreats, or otherwise attempts to persuade another person
> under age eighteen to commit [a predicate felony, i.e.,] a felony other than
> murder," shall be guilty of a felony. Va. Code § 18.2–29.
>
> The predicate felony for MacDonald's criminal solicitation offense was the
> Commonwealth's "Crimes Against Nature" statute, which criminalizes, inter alia,
> "carnal knowledge" by one person of another by the anus or mouth, an act
> commonly known as sodomy. Va. Code § 18.2–361(A).

MacDonald, 710 F.3d at 155–56 (alteration in original).  More specifically, MacDonald, at age

forty-seven, propositioned a seventeen-year-old to perform an act that violated Virginia's anti-

sodomy provision.  Id. at 156-57.  MacDonald argued "that his criminal solicitation conviction,

insofar as it was predicated on the anti-sodomy provision of Virginia Code section 18.2–361(A),

contravened the Constitution."  Id. at 156.  The Fourth Circuit held Virginia's anti-sodomy

provision facially unconstitutional under Lawrence, in part because "the anti-sodomy provision,

like the statute in Lawrence, applies without limits."  Id. at 163, 165.  The Fourth Circuit went on

to state that although Virginia may be able "to enact a statute specifically outlawing sodomy

between an adult and an older minor, . . . [t]he anti-sodomy provision does not mention the word

'minor,' nor does it remotely suggest that the regulation of sexual relations between adults and

children had anything to do with its enactment."  Id. at 165.  Thus, because MacDonald's

convictions were necessarily predicated on a facially unconstitutional statute, the matter was

remanded for habeas corpus relief.  Id. at 167.

---

addition, petitioner's discussion of the "mandate rule" is inapposite as there has been no mandate
from an upper court in this matter.

Petitioner's convictions are distinguishable from MacDonald's convictions. In this respect, the flaw in petitioner's argument is apparent: unlike Macdonald, petitioner's convictions are not predicated on Virginia's anti-sodomy provision. To begin with, petitioner was not convicted of violating the anti-sodomy statute held unconstitutional in <u>MacDonald</u>; rather, petitioner was convicted of different statutes that refer to the anti-sodomy statute as describing conduct that is illegal *if directed at a child*. Indeed, petitioner was convicted of violating Va. Code §§ 18.2-370.1 and -374.3, which reference the anti-sodomy provision when listing prohibited behavior directed against minors. And although a conviction under Va. Code §18.2-26 requires the defendant to have attempted to commit an underlying felony, in petitioner's case, the underlying felony was Va. Code § 18.2-370.1, not the anti-sodomy provision.

Indeed, the statutes under which petitioner was convicted are distinguishable from Virginia's anti-sodomy provision because they do not "apply without limits." In fact, Virginia Code §§ 18.2-370.1 and -374.3 are specifically limited to prohibiting certain behavior between adults and minors. <u>See</u> <u>e.g.</u>, <u>Sadler v. Commonwealth</u>, 276 Va. 762, 765 (2008) ("[T]he purpose of [Virginia Code § 18.2-370.1] is to protect minors from adults who might exploit certain types of relationships."); <u>MacDonald</u>, 710 F.3d at 165 (contemplating that Virginia may "enact a statute specifically outlawing sodomy between an adult and an older minor"). Put differently, plaintiff was not convicted for engaging in consensual sodomy with a consenting adult, nor was plaintiff convicted pursuant to a statute that "applies without limits" and failed "remotely [to] suggest that the regulation of sexual relations between adults and children had anything to do with its enactment." <u>MacDonald</u>, 710 F.3d at 65. Rather, petitioner was convicted for (1) conspiracy to take indecent liberties *with a child*, (2) using a communications system to propose a sex act *to a child*, and (3) taking indecent liberties *with a child* in a custodial or supervisory role.

Not surprisingly, nearly identical arguments to those raised by petitioner have been routinely rejected in the wake of the Fourth Circuit's decision in MacDonald. See Toghill v. Clarke, 2016 WL 742123, at *7 n.10 (W.D. Va. Feb. 23, 2016) ("[M]erely referencing the acts of sodomy listed in § 18.2-361 as being prohibited when directed at children in § 18.2-374.3(C) does not render § 18.2-374.3(C) unconstitutional."); Spiker v. Clarke, No. 7:15CV00379, 2016 WL 3189296, at *7-8 (W.D. Va. June 7, 2016) (similar), appeal dismissed, 2016 WL 6871955 (4th Cir. Nov. 22, 2016); see also Pooler v. Gilmore, No. 3:15CV146, 2015 WL 9459938 (E.D. Va. Dec. 23, 2015). Put simply, the principles elucidated here, in MacDonald, and in the cases cited above point persuasively to the conclusion that MacDonald provides petitioner no relief, and that petitioner's convictions were constitutional.

Accordingly, the state habeas court's dismissal of petitioner's first claim is neither contrary to, nor an unreasonable application of, existing federal law and Supreme Court precedent. Nor does it rest upon an unreasonable finding of fact. Thus, the state habeas court's ruling is entitled to deference, and Claim One will be dismissed.

**B. Claim Two**

Petitioner argues that his trial counsel was ineffective for three reasons. To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233

14

(4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

### i. Juror Bias

Petitioner first argues that his trial counsel was ineffective because the "entire venire had preconceived fixed opinions making them biased and partial and trial counsel failed to take corrective action." Pet. at 7. Specifically, petitioner argues that the jury believed that "any sexual contact between an adult and a minor child under the age of 18 was illegal, which simply was not an accurate statement of the law in Virginia, where the age of consent is 15." Pet. Resp. to MTD at 60. Petitioner states that this misunderstanding of the law was crucial because the "only thing that made his alleged sexual contact with the 16 year-old victim in this case illegal was the supposedly custodial nature of his relationship with her …." Id. Petitioner goes on to claim that his counsel's failure to "explore the extent of the jurors' bias, much less to ensure that they could decide the case based on the law and the evidence" constitutes ineffective assistance of counsel. Id. Petitioner argues that the state habeas court incorrectly applied Strickland and "was plainly wrong to find incorrect the petitioner's interpretation of the age of consent in Virginia." Id. at 61-62.

15

The state habeas court denied this claim because the prosecutor did not misstate the law and, therefore, trial counsel was not ineffective for not objecting to the prosecutor's questions during voir dire.   Case No. 14-2657-00.   Specifically, the state court stated that petitioner's "assertion that the prosecutor misstated the law is based on [petitioner's] mistaken belief that the age of consent to sexual conduct in Virginia is 15 years. … [T]he petitioner's interpretation of the law is incorrect."   Id.   The court also held that "conduct regarding voir dire … is a matter of trial strategy."   Id.   Accordingly, the state habeas court held that petitioner did not establish that his trial counsel's performance was deficient.   Id.   The court also held that petitioner had not established that he was prejudiced because "the record does not show the jury was biased or that [petitioner's] trial was unfair. … All of the jurors indicated they understood the defendant was presumed innocent and that the Commonwealth had to prove its case beyond a reasonable doubt, and that they could be fair and impartial in rendering a verdict."   Id.

This court has previously held that a trial counsel's decision to not make a frivolous objection was not "'outside the range of professionally competent assistance.'"   Baker v. Dir., Va. Dep't of Corr., 2014 WL 1305001, at *4 (E.D. Va. Apr. 1, 2014) (quoting Strickland, 566 U.S. at 688).   Because the prosecutor did not misstate Virginia law, any objection to his questions would have been frivolous.[9]   Accordingly, the state habeas court's finding that trial counsel was not deficient for failing to object to the prosecutor's questions during voir dire is neither contrary to, nor an unreasonable application of, existing federal law and Supreme Court precedent.   Nor does it rest upon an unreasonable finding of fact.   Accordingly, the state habeas court's ruling is entitled to deference, and subsection (a) of Claim Two will be dismissed.

---

[9] For example, at the time of petitioner's conviction "[a]ny person 18 years of age or older, including the parent of any child, who … engages in consensual sexual intercourse with a child 15 or older not his spouse, child, or grandchild, shall be guilty of a Class 1 misdemeanor." Va. Code § 18.2-371; see, also, McDonald v. Commonwealth, 274 Va. 249 (2007) (rejecting the argument that 15 years of age is the age of consent in Virginia).

### ii. Jury Instructions

Petitioner next argues that trial counsel was ineffective when he failed to object to four contested jury instructions. Specifically, petitioner states that trial counsel was ineffective by failing to (1) object in any way to the first three contested jury instructions because trial counsel knew he had to object independently of co-defendant's counsel, and (2) state a basis for his objection to the fourth contested jury instruction because it misstated the law. Pet. Resp. to MTD at 39.

The state habeas court denied this claim because "trial counsel reasonably presumed that in a joint trial with a co-defendant, objections made by one party would apply to the other." Case No. 14-2657-00.  The court also found that "the four instructions given in [petitioner's] case did not incorrectly state the law."   Id.   Accordingly, the state habeas court found that petitioner failed to satisfy either prong of the Strickland test.  Id.

Petitioner argues that the state habeas court incorrectly applied Strickland by "indulg[ing] in a prohibited 'post-hoc rationalization' for counsel's conduct that contradicted the available evidence of his actions" and that this Court is not bound by the state court's finding that the law in the jury instructions was correct, particularly because there is "strong reason to believe that the Supreme Court [of Virginia] would have agreed with the petitioner on the issue of the jury instructions had it deigned to reach it."  Pet. Resp. to MTD at 39-40, 46.

Petitioner has not established that counsel was deficient for failing to object to the first three contested jury instructions.  The Supreme Court of Virginia held, as a matter of first impression on petitioner's direct appeal, that "one party may not rely on the objection of another party to preserve an argument for appeal without expressly joining in the objection." Linnon, 287 Va. at 102.  Because the law on this issue was unclear before the Supreme Court of Virginia's decision on petitioner's direct appeal, it would have been reasonable for trial counsel to believe

17

that co-defendant's objections would have applied to petitioner based on the information available to him at the time of the trial.  Finally, even if counsel had objected to these three contested jury instructions, his objections would have been futile because the trial court overruled co-counsel's objections. Therefore, the state habeas court did not incorrectly apply Strickland by engaging in a post-hoc rationalization of counsel's conduct.[10]  See Harrington, 562 U.S. at 110 ("Strickland, however, calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.).

As to the fourth contested jury instruction, petitioner has not established that he was prejudiced by counsel's failure to state the basis of his objection to this contested jury instruction.  Although the dissent in petitioner's direct appeal stated that the fourth contested jury instruction misstated the law, the Supreme Court of Virginia denied petitioner's appeal of his habeas petition.  Accordingly, the state habeas court's decision is the last reasoned decision on this issue and its finding that the contested jury instruction does not misstate the law is imputed to the Supreme Court of Virginia's denial.  See Ylst, 501 U.S. at 803.  Therefore, petitioner has not established that there is a reasonable probability that, but for counsel's failure to state the basis for his objection, the result of the proceeding would have been different.

The state habeas court's decision that petitioner failed to satisfy the Strickland test for failing to object to the contested jury instructions is neither contrary to, nor an unreasonable application of, existing federal law and Supreme Court precedent.  It also does not rest upon an unreasonable finding of fact.  Accordingly, the state habeas court's ruling is entitled to deference, and subsection (b) of Claim Two will be dismissed.

---

[10] Because petitioner has not established that trial counsel was deficient, there is no need to address whether these instructions correctly stated the law.

### iii. Investigation

Petitioner finally argues that trial counsel was ineffective because, based on an "incomplete or non-existent investigation," counsel decided not to contact two witnesses who would have presented exculpatory testimony.  The state habeas court dismissed this claim, finding that "[c]ounsel reasonably called as witnesses those persons he believed would be most helpful to [petitioner's] case.  The habeas court should not second guess counsel's decision." Case No. 14-2657-00.  In addition, the court noted that petitioner "told the trial court his witnesses would be present, that he was ready for trial, and was 'entirely satisfied' with his trial attorney.  [Petitioner] is bound by his representation." Id.  Finally, the state habeas court held that "petitioner's claims … should be rejected because [he] has not provided affidavits from [the witnesses] to establish that they would have testified consistently with his assertions." Id. Accordingly, the state habeas court held that "petitioner has not shown his attorney's performance was deficient or that the result of the trial would have been different but for the alleged error." Id.

Petitioner argues that the state habeas court findings were either incorrect or unreasonable applications of federal law.  Specifically, petitioner asserts that the state habeas court incorrectly applied Strickland because it did not evaluate trial counsel's investigation leading to his decision not to call the two witnesses; therefore, the state court incorrectly found that trial counsel's decision not to call the two witnesses, who would have put A.G.'s credibility into question, was reasonable.  Pet. Resp. to MTD at 75-77.  Petitioner goes on to argue that trial counsel was ineffective because he did not investigate what the two witnesses would have testified to. Id.  In addition, petitioner asserts that his expression of satisfaction with trial counsel at trial has no bearing on whether counsel was effective.  Pet. Resp. to MTD at 85-86.  Finally, petitioner argues that the state habeas court incorrectly (1) required him to prove that the trial results would

have been different if the witnesses had testified, rather than only having to show that there was a reasonably probability that the trial results would have been different, and (2) refused to take his assertions as to what the witnesses' testimony would have been as true, as required on a summary dismissal of his state habeas petition.  Pet. Resp. to MTD 88, 90.

"'[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'"  Wiggins v. Smith, 539 U.S. 510, 521–22 (2003) (quoting Strickland, 455 U.S. at 690-91).  "Decisions about what types of evidence to introduce are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention and what sort of mitigating evidence they can choose not to introduce."  Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (quotation marks and citations omitted).  The record establishes that petitioner informed counsel of what he believed the two witnesses at issue would testify to at trial.  Accordingly, trial counsel could have made a strategic decision not to call the two witnesses in question after having learned what they would testify to from petitioner.[11]  Thus, the state habeas court's finding that trial counsel was not deficient for deciding not to have the two witnesses in question testify is neither contrary to, nor an unreasonable application of, existing federal law.  Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact.  Accordingly, the state habeas court's ruling is entitled to deference and subsection (c) of Claim Two will be dismissed.

---

[11] Although couched in terms of counsel's lack of investigation, petitioner's argument actually appears to be that counsel unequivocally should have called these two witnesses.

### V. Pending Motions

On November 15, 2016, petitioner filed a Renewed Motion for Release on Bail Pending Disposition of 28 U.S.C. § 2254 Petition. Dkt. No. 31. Because the habeas petition will be dismissed with prejudice, this motion will be denied as moot.

On November 15, 2016, petitioner filed a Motion for Evidentiary Hearing. Dkt. No. 32. Because the state habeas court decided petitioner's claims on the merits, an evidentiary hearing is not appropriate in this matter. Cullen v. Pinholster, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). Accordingly, this motion will be denied.

### VI. Conclusion

Petitioner's Claim Three is procedurally barred. As to Claims One and Two, nothing in the state court record indicates that the state habeas court's decisions were contrary to or an unreasonable application of existing federal law and Supreme Court precedent. There is also nothing in the record to indicate that the decisions rest upon an unreasonable finding of fact. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion. Finally, petitioner's Renewed Motion for Release on Bail Pending Disposition of 28 U.S.C. § 2254 Petition and Motion for Evidentiary Hearing will be denied.

Alexandria, Virginia
January 30, 2017

/s/

T. S. Ellis, III
United States District Judge

21